# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JOEL BERMAN, d/b/a IATRIC          )
SYSTEMS and KENNETH               )
HOFFMAN,                          )
                                  )
       Plaintiffs,              )
                                  )
    v.                          )
                                  )
CODIGENT SOLUTIONS GROUP,         )
INC.,                             )
                                  )
       Defendant.               )

CIVIL ACTION NO.
(BBO#567274)

# 01-10447MLW

## COMPLAINT AND JURY DEMAND

1. This is an action for copyright infringement under Title 17 of the United States Code.

## PARTIES

2. Plaintiff Joel Berman d/b/a Iatric Systems ("Iatric") is an individual residing at 27 Great Pond Drive, Boxford, Massachusetts.

3. Plaintiff Kenneth Hoffman ("Hoffman") is an individual residing at 119 Beaver Run, Dublin, GA.

4. Defendant Codigent Solutions Group, Inc. ("Codigent") is, upon information and belief, a duly organized Tennessee corporation with a principal place of business located at 161 Belle Forest Cirste 211, Nashville, Tennessee.

**DOCKETED**



## JURISDICTION AND VENUE

5. Subject matter jurisdiction over the copyright infringement count of this complaint is vested in this Court under Title 28 United States Code, §1338(a), whereby the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to copyright, under Title 28 United States Code, § 1331, whereby the district courts shall have original jurisdiction of all civil actions arising under the laws of the United States, and under Title 28 United States Code, § 1332, whereby the district courts shall have original jurisdiction of civil actions involving diversity of citizenship.

6. Venue is proper is this district under Title 28 United States Code, §1391.

## FACTS

7. Iatric is in the business of, *inter alia*, creating, manufacturing, and distributing computer software products and interfaces, and providing training, report writing and technical services to support its software products.

8. Iatric's products and services provide outside support to hospitals operating the Meditech Hospital Information System ("the Meditech System"), which uses the MAGIC computer language. One such service is to assist hospitals using the Meditech System with inputting data into the database of a computer in the Meditech System.

9. One of Iatric's software products is a computer program known as VBOT. VBOT enables a computer in the Meditech System to communicate with itself for the purpose of inputting information into its own database. VBOT allows a user of the Meditech System to input data without the use of key entry personnel, separate personal computer links, or hardwired connections, or outside ports.

10. Hoffman is the author and has at all relevant times been a co-owner of VBOT.

{J:\clients\lit\301086\0001\00197805.DOC;1}

11. Iatric has been the exclusive licensee of VBOT since its creation, and recently has become a co-owner of VBOT.

12. Iatric and Hoffman registered VBOT with the United States Copyright Office on or about February 20, 2001, obtaining a certificate of copyright, No. TX-3-222-343.  A true and accurate copy of the Certificate of Registration from the Copyright Office is attached hereto as Exhibit A.

13. Codigent also is in the business of providing software and services to support hospitals using the Meditech System and is a competitor of Iatric.

14. Upon information and belief, Codigent has copied, reproduced, and distributed VBOT without license, authority or permission, in violation of Plaintiffs' federally protected copyrights and Iatric's exclusive licensee rights.  Upon information and belief, Codigent has copied and incorporated VBOT into its Uscript software product and markets and distributes Uscript to its customers.

15. Upon information and belief, Codigent has entered into agreements with third parties enabling them to use VBOT in Codigent's Uscript product.

16. Codigent has not entered into any licensing agreements with either Iatric or Hoffman allowing it to use, copy, reproduce, make derivative works from or distribute VBOT.

17. Neither Iatric nor Hoffman has granted Codigent any rights in VBOT.

18. Codigent has no rights to use, copy, reproduce, make derivative works from, or distribute VBOT.

19. Codigent's use, copying, and distribution of VBOT is in violation of Plaintiffs' federal copyrights and in violation of Iatric's exclusive licensee rights.

{J:\clients\lit\301086\0001\00197805.DOC;1}

## COUNT I
### (Copyright Infringement)

20. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 19 of the Complaint as if same were fully set forth herein.

21. VBOT, a computer program, is entitled to copyright protection.

22. Pursuant to Title 17 United States Code, § 106, Iatric and Hoffman have the exclusive right to copy, make derivative works, distribute, or use VBOT.

23. By the conduct more fully described above, Codigent has infringed Plaintiffs' copyrights in VBOT in violation of Title 17 United States Code, § 106.

24. Plaintiffs have been damaged by Codigent's infringement of Plaintiffs' copyrights in VBOT in an amount to be determined at trial.

## COUNT II
### (Violation of Massachusetts General Laws, Chapter 93A)

25. Plaintiffs restate and reallege the allegations contained in paragraphs 1 through 24 of the Complaint as if same were fully set forth herein.

26. Codigent is engaged in trade and commerce as defined under Massachusetts General Laws, Chapter 93A.

27. Plaintiffs are engaged in trade and commerce as defined under Massachusetts General Laws, Chapter 93A.

28. By the conduct more fully described above, Codigent has engaged in unfair and deceptive acts or practices.

29. Codigent's acts have been willful and intentional.

30. Plaintiffs have been damaged by Codigent's conduct.

{J:\clients\lit\301086\0001\00197805.DOC;1}

WHEREFORE, Plaintiffs Joel Berman d/b/a Iatric Systems and Kenneth Hoffman pray that this Honorable Court provide the following relief:

A.      That this Court enter an order preliminarily enjoining Codigent, and all of its customers and/or those who have received the VBOT technology from Codigent, from reproducing, distributing, making derivative works from, or in any way utilizing the VBOT technology;

B.      That this Court enter an order permanently enjoining Codigent, and all of its customers and/or those who have received the VBOT technology from Codigent, from reproducing, distributing, making derivative works from, or in any way utilizing the VBOT technology;

C.      That this Court grant Plaintiffs damages, as provided for by Title 17 United States Code, § 504;

D.      That this Court grant Plaintiffs their costs, expenses and attorneys' fees, as provided for by Title 17 United States Code, § 505;

E.      That this Court grant Plaintiffs treble damages and attorneys' fees as provided under M.G.L. c. 93A;

F.      That this Court order Codigent to make an accounting to Plaintiffs of all copies of all applications copying, using, or reproducing VBOT, distributed by Codigent; and

G.      That this Court grant such other relief as this Court deems just and equitable.

{J:\clients\lit\301086\0001\00197805.DOC;1}

**PLAINTIFFS HEREBY CLAIM A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted,

JOEL BERMAN, d/b/a IATRIC
SYSTEMS and KENNETH
HOFFMAN,
By their Attorneys,

Louis M. Ciavarra  (BBO#546481)
David M. Ianelli (BBO#567274)
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01608
(508) 791-3511

Date:    March 14, 2001

{J:\clients\lit\301086\0001\00197805.DOC;1}